JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Leonard A. Fabiano, Jr.

**DEFENDANTS**

Christ Movers, LLC

**(b)** County of Residence of First Listed Plaintiff   Chester County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Charleston County, SC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christian J. Hoey, Esquire, 50 Darby Road, Paoli, PA 19301; 610-647-5151

Attorneys *(If Known)*
Richard L. Stutman Bennett, Bricklin & Saltzburg LLC, Centre Square, West Tower, 1500 Market Street, 32nd Floor Philadelphia, PA 19102 - (215) 561-4300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(c)

Brief description of cause:
Plaintiff alleges he sustained injuries when he fell off the back of a truck owned by defendant moving company as a result of defendant's negligence.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
More than $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
Feb 27, 2024

SIGNATURE OF ATTORNEY OF RECORD
Richard L. Stutman

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 165 Lucky Hill Road, West Chester, PA 19382 _____

Address of Defendant: _____ 1821 Mepkin Road, Charleston, SC 29407 _____

Place of Accident, Incident or Transaction: _____ 165 Lucky Hill Road, West Chester, PA 19382 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/27/2024     **Richard L. Stutman, Esq.**     53758
        *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*    *Federal Question Cases:*        *B.*    *Diversity Jurisdiction Cases:*

| | |
|---|---|
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Patent | ☑ 5. Motor Vehicle Personal Injury |
| ☐ 6. Labor-Management Relations | ☐ 6. Other Personal Injury *(Please specify):* _____ |
| ☐ 7. Civil Rights | ☐ 7. Products Liability |
| ☐ 8. Habeas Corpus | ☐ 8. Products Liability – Asbestos |
| ☐ 9. Securities Act(s) Cases | ☐ 9. All other Diversity Cases |
| ☐ 10. Social Security Review Cases | *(Please specify):* _____ |
| ☐ 11. All other Federal Question Cases | |
| *(Please specify):* _____ | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____     *Sign here if applicable*     _____
        *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEONARD A. FABIANO, JR. | : | |
| | : | |
| v. | : | No. |
| | : | |
| CHRIST MOVERS, LLC | : | |

<u>**NOTICE OF REMOVAL**</u>

AND NOW, comes the Defendant, Christ Movers, LLC, (hereinafter "Defendant") for the purpose of filing a notice of removal of this case to the United States District Court for the Eastern District of Pennsylvania, and respectfully avers as follows:

1.      This is a civil action filed and currently pending in the Court of Common Pleas of Chester County, Pennsylvania, Docket No. 2023-07938-TT.

2.      Plaintiff Leonard A. Fabiano, Jr. (hereinafter "Plaintiff") initiated this action via a Complaint filed on October 13, 2023. *A true and correct copy of the Complaint is attached hereto as Exhibit A.*   Plaintiff reinstated his Complaint on January 17, 2024.

3.      According to the Affidavit of Service produced by Plaintiff, Defendant was served on February 19, 2024 at 746 Longbranch Road, Charleston, South Carolina, 29414. *A true and correct copy of the Affidavit of Service is attached hereto as Exhibit B.*

4.      The averments made herein are true and correct with respect to the date and time upon which suit was commenced, the date upon which the Defendant was served and the date upon which this notice is filed.

5.      Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1446(b).

6.      28 U.S.C. §1446(b) provides that:

*The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.*

7.     As the moving party, Defendant bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mut. Auto. Ins. Co., 961 F.Supp. 808, 810 (E.D. Pa. 1997).

8.     In determining whether the jurisdiction amount has been satisfied, the Court must first look at the Complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

9.     The Complaint alleges that Plaintiff is a resident of the Commonwealth of Pennsylvania. See *Complaint* at ¶ 1.

10.     Plaintiff does not allege any alternative state of residence.

11.     Accordingly, upon information and belief, the Commonwealth of Pennsylvania is the state in which plaintiff is domiciled and, therefore, the state of which plaintiff is a citizen for purposes of determining diversity.

12.     Defendant is now, and was at the time this action was initiated, a limited liability company organized under the laws of the State of South Carolina, with a principal place of business located at 746 Longbranch Road, Charleston, South Carolina.

13.     Therefore, Defendant is a citizen of South Carolina for purposes of determining diversity pursuant to 28 U.S.C. § 1332(c)(1).

14.     The underlying lawsuit arises out of an alleged fall down incident on May 28, 2023. See *Complaint* at ¶ 3.   Plaintiff is claiming that he sustained bodily injuries as a result of his alleged fall.   See *Complaint* at ¶ 38.

15.     The amount in controversy listed in the Complaint is in excess of $50,000.00.

2

16.     Plaintiff is claiming serious, severe and permanent bodily injuries, including a compound fracture of the left elbow requiring multiple surgical repairs, bruising, cuts and abrasions to the left side of his torso, chronic physical pain, scarring and other injuries. See *Complaint* at ¶ 38.

17.     Defendant maintains that it has met its burden that diversity jurisdiction is proper, based upon the claims asserted in the complaint and the potential damages outlined therein.

18.     This Notice of Removal was timely filed within 30 days of the effective date of service of the Complaint on Defendant.

19.     Defendant has, simultaneously with the filing of this notice, given written notice to Plaintiff of the same.

20.     Defendant is also filing a copy of the instant notice of removal and all relevant attachments thereto with the Prothonotary of the Court of Common Pleas of Chester County.

WHEREFORE, Defendant, Christ Movers, LLC, hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:     */s/ Richard L. Stutman*
        BETH A. CARTER
        Attorney I.D. No. 85632
        RICHARD L. STUTMAN, ESQ.
        Attorney I.D. No. 53758
        Centre Square, West Tower
        1500 Market Street, 32nd Floor
        Philadelphia, PA 19102
        215-561-4300
        carter@bbs-law.com
        richard.stutman@bbs-law.com
        Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEONARD A. FABIANO, JR. | : | |
| | : | |
| v. | : | No. |
| | : | |
| CHRIST MOVERS, LLC | : | |

## <u>NOTICE TO PLAINTIFF</u>

TO:    Leonard A. Fabiano, Jr.
        c/o Christian J. Hoey, Esquire
        50 Darby Road
        Paoli, PA 19301

Please take notice that defendant, Christ Movers, LLC, by and through its attorneys

Bennett, Bricklin & Saltzburg LLC, has filed a Notice of Removal in the United States District

Court for the Eastern District of Pennsylvania regarding an action previously pending in the Court

of Common Pleas of Chester County, Docket No. 2023-07938-TT, captioned <u>Leonard A. Fabiano,</u>

<u>Jr. v. Christ Movers, LLC</u>.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:    ***/s/ Richard L. Stutman***       
        BETH A. CARTER
        Attorney I.D. No. 85632
        RICHARD L. STUTMAN, ESQ.
        Attorney I.D. No. 53758
        Centre Square, West Tower
        1500 Market Street, 32nd Floor
        Philadelphia, PA 19102
        215-561-4300
        carter@bbs-law.com
        richard.stutman@bbs-law.com
        Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEONARD A. FABIANO, JR. | : |
| | : |
| v. | : No. |
| | : |
| CHRIST MOVERS, LLC | : |

## **PROOF OF FILING**

COMMONWEALTH OF PENNSYLVANIA          :

COUNTY OF PHILADELPHIA                         :

Richard L. Stutman, Esquire, being duly sworn according to law, deposes and says that he is a an attorney at the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Christ Movers, LLC, and that he did direct the filing with the Prothonotary of Chester County a copy of the Notice of Removal attached hereto, said filing to be made on February 27, 2024 by electronic filing.

Christian J. Hoey, Esquire
50 Darby Road
Paoli, PA 19301

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:      ***/s/ Richard L. Stutman***
BETH A. CARTER
Attorney I.D. No. 85632
RICHARD L. STUTMAN, ESQ.
Attorney I.D. No. 53758
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
215-561-4300
carter@bbs-law.com
richard.stutman@bbs-law.com

Date:  February 27, 2024          Attorneys for Defendant

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

LEONARD A. FABIANO, JR.      :
                    :
          v.         :  No.
                    :
CHRIST MOVERS, LLC       :

### PROOF OF SERVICE

Richard L. Stutman, Esquire, after being first duly sworn upon oath, deposes and says that he is an attorney in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the Defendant, Christ Movers, LLC, and that he did serve this 27th day of February, 2024, the aforementioned Notice to Plaintiff upon the individual named below via electronic service through the Court of Common Pleas of Chester County.

Christian J. Hoey, Esquire
50 Darby Road
Paoli, PA 19301

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:    **/s/ Richard L. Stutman**
           BETH A. CARTER
           Attorney I.D. No. 85632
           RICHARD L. STUTMAN, ESQ.
           Attorney I.D. No. 53758
           Centre Square, West Tower
           1500 Market Street, 32nd Floor
           Philadelphia, PA 19102
           215-561-4300
           carter@bbs-law.com
           richard.stutman@bbs-law.com
           Attorneys for Defendant

**<u>AFFIDAVIT</u>**

I, Richard L. Stutman, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, Christ Movers, LLC, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

*/s/ **Richard L. Stutman**_____
RICHARD L. STUTMAN, ESQUIRE

DATE**:** <u>February 27, 2024</u>

# Exhibit A

**Supreme Court of Pennsylvania**

**Court of Common Pleas**

**Civil Cover Sheet**

<u>CHESTER</u>   County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| **2023-07938-TT** |

*Filed and Attested by PROTHONOTARY 13 Oct 2023 11:34 AM C. Luna-Valente*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**

- ✔ Complaint
- Writ of Summons
- Petition
- Transfer from Another Jurisdiction
- Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| **LEONARD A FABIANO, JR.** | **CHRIST MOVERS, LLC** |

**Are money damages requested?** ___ Yes ✔ No

**Dollar Amount Requested:** ___ Within arbitration limits
(check one) ✔ outside arbitration limits

**Is this a Class Action Suit?** ___ Yes ✔ No       **Is this an MDJ Appeal?** ___ Yes ✔ No

Name of Plaintiff/Appellant's Attorney: Christian J. Hoey

___ **Check here if you have no attorney(are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place "X" to the left of the <u>ONE</u> case category that most accurately describes your *PRIMARY CASE*.

If you are making more than one type of claim, check the one that you consider most important.

**TORT***(do not include Mass Tort)*
- Intentional
- Malicious Prosecution
- Motor Vehicle
- Nuisance
- ✔ Premises Liability
- Product Liability*(does not include mass tort)*
- Slander/Libel/Defamation
- Other:

**CONTRACT***(do not include Judgments)*
- Buyer Plaintiff
- Debt Collection: Credit Card
- Debt Collection: Other
- Employment Dispute: Discrimination
- Employment Dispute: Other
- Other

**CIVIL APPEALS**
Administrative Agencies
- Board of Assessment
- Board of Elections
- Dept. of Transportation
- Statutory Appeal: Other
- Zoning Board
- Other:

**MASS TORT**
- Asbestos
- Tobacco
- Toxic Tort - DES
- Toxic Tort - Implant
- Toxic Waste
- Other:

**REAL PROPERTY**
- Ejectment
- Eminent Domain/Condemnation
- Ground Rent
- Landlord/Tenant Dispute
- Mortgage Foreclosure: Residential
- Mortgage Foreclosure: Commercial
- Partition
- Quiet Title
- Other:

**MISCELLANEOUS**
- Common Law/Statutory Arbitration
- Declaratory Judgement
- Mandamus
- Non-Domestic Relations
- Restraining Order
- Quo Warranto
- Replevin
- Other:

**PROFESSIONAL LIABILITY**
- Dental
- Legal
- Medical
- Other Professional

*2023-07938-TT*

**Chester County**
**Court of Common Pleas**
**Cover Sheet**

| Docket No: |
| --- |
| **2023-07938-TT** |

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney(circle one) |
| --- | --- |
| **LEONARD A FABIANO, JR.**<br><br>165 LUCKY HILL ROAD    WEST CHESTER, PA  19382 | (Name, firm, address, telephone and attorney ID#)<br><br>**Christian J. Hoey**<br><br>(610) 647-5151 Christian J. Hoey, Esquire, LLC attorney ID#: 070999<br><br>50 DARBY ROAD, Paoli, PA 19301, US |
| Defendant(s): (Name, Address)<br><br>**CHRIST MOVERS, LLC**<br><br>1821 MEPKIN ROAD    CHARLESTON, SC  29407 | Are there any related cases? Please provide case nos. |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached**

Commencement of Action (if applicable): __ Agreement for an Amicable Action __ Motion to Confirm Arbitration Award
Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant __ Plaintiff or __ Defendant in the original action?

Jury Trial Demanded     Yes ✔ No

Nature of case if not on previous cover sheet - Please choose the most applicable

| | |
| --- | --- |
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

| **Arbitration Cases Only** | **Notice of Trial Listing Date** |
| --- | --- |
| Arbitration Date    `mm/dd/yyyy`<br><br>Arbitration Time    `hh:mm:ss`<br><br>Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.<br>This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge. | Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court.<br><br>To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date. |

**File with:** Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

*2023-07938-TT*

These cover sheets must be served upon all other parties to the action immediately after filing.

Submit enough copies for service.

*2023-07938-TT*

CHRISTIAN HOEY, ESQUIRE, LLC
BY: CHRISTIAN J. HOEY, ESQUIRE
CHRISTOPHER W. McMULLIN, ESQUIRE
ATTORNEY I.D. # 70999/314603
50 Darby Road
Paoli, PA 19301
610-647-5151                                    Attorneys for Plaintiff

| | | |
|---|---|---|
| LEONARD A. FABIANO, JR | : | CHESTER COUNTY |
| 165 Lucky Hill Rd | : | COURT OF COMMON PLEAS |
| West Chester, PA 19382 | : | |
| Plaintiff | : | NO. |
| | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| CHRIST MOVERS, LLC | : | |
| 1821 Mepkin Rd | : | |
| Charleston, SC 29407 | : | |
| | : | |
| Defendant | : | |

### NOTICE TO DEFEND

You have been sued in Court If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THESE PAPERS TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE AND INFORMATION CENTER
Chester County Bar Association
15 W Gay Street, Ste 2
West Chester, PA 193380
(610) 692-1889

1

*2023-07938-TT*

CHRISTIAN HOEY, ESQUIRE, LLC
BY: CHRISTIAN J. HOEY, ESQUIRE
ATTORNEY I.D. # 70999
50 Darby Road
Paoli, PA 19301
610-647-5151                                        Attorney for Plaintiffs

| | | |
|---|---|---|
| LEONARD A. FABIANO | : | CHESTER COUNTY |
| 165 Lucky Hill Rd | : | COURT OF COMMON PLEAS |
| West Chester, PA 19382 | : | |
| Plaintiff | : | NO. |
| | : | |
| | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| CHRIST MOVERS, LLC | : | |
| 1821 Mepkin Rd | : | |
| Charleston, SC 29407 | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

1.     Plaintiff, Leonard A. Fabiano (hereinafter "Mr. Fabiano"), is an adult individual currently

residing at 165 Lucky Hill Road, West Chester, PA 19382.

2.     Defendant Christ Movers, LLC (hereinafter "Christ Movers") is a limited liability

company which operates and manages its business located at 1821 Mepkin road, Charleston,

South Carolina.


## JURISDICTION AND VENUE

3.     This matter arises out of a fall down accident which occurred at 165 Lucky Hill Road,

West Chester, PA 19382 on or about May 28, 2023.

2

4.      Venue is proper in Chester County pursuant to Pennsylvania Rule of Civil Procedure 1006.

**BACKGROUND**

5.      Defendant, Christ Movers, LLC, operates a residential moving company based out of Charleston, South Carolina which holds itself out to be "known for quality services, exceptional efficiency and the highest level of professionalism."

6.      Defendant, Christ Movers, LLC is owned and operated by Motubu "Desi" Dessaline and Tonya Dessaline.

7.      On or about February 22, 2023, Plaintiff Leonard Fabiano engaged Defendant Christ Movers, LLC's residential moving services through Tonya Dessaline to pack and move the contents of a two-bedroom single-story apartment on Daniel Island South Carolina as well as a 10' x 20' storage locker located at Life Storage, 1540 Meeting Street, Charleston, South Carolina to his new home in West Chester, Pennsylvania.

(See attached Christ Movers Estimate attached hereto as Exhibit "A").

8.      On or about February 28, 2023, Plaintiff Leonard Fabiano paid a $150 booking fee to secure the services of Defendant for the May 2023 move to West Chester Pennsylvania.

9.      On or about May 24th, 2023, agents, employees, servants, workmen, and/or representatives of Defendant including Motubu Dessaline, a driver, Troy (last name presently unknown), and one laborer, presented to Mr. Fabiano's Charleston, SC storage unit late, understaffed and without proper equipment to effectuate the move of Mr. Fabiano's property.

3

10.      Defendants presented with a 20' box truck and a 17' trailer rather than the agreed upon 26' moving truck and 17' x 10' trailer capable of holding a proper load. The 17' trailer presented included a 6' width not built for heavy loads.

11.      Agents, employees, servants, workmen, and/or representatives of Christ Movers immediately enlisted Mr. Fabiano to assist their work in moving items from his Daniel Island home to a staging area around the moving truck and trailer.

12.      As the 17' trailer became full, Defendant's, agents, employees, servants, workmen, and/or representatives notified Plaintiff that the 20' box truck would be needed for another job and took the trailer for storage at The Port House Apartments on Daniel Island to park overnight, with a plan to return that evening but never arrived due to being held at the next job, ceasing operations for the day.

13.      On or about May 25, 2023, Defendant's , agents, employees, servants, workmen, and/or representatives agreed to meet Mr. Fabiano at the Charleston, SC storage unit at 9:30am.

14.      Again, agents of Defendants presented at the storage unit late, ultimately loading Plaintiff's possessions from the storage unit into a 20' box truck at approximately 1:00pm. The box truck was 66% full upon emptying the storage unit.

15.      At Plaintiff's two bedroom apartment on Daniel Island, the 20' box truck quickly became full and Defendants needed to secure an additional 17' box truck to finish packing portion of the now-delayed move to West Chester, Pennsylvania.

16.      Upon information and belief, Defendants appear to have driven as far as Virginia on the evening of May 25, 2023. It was later learned the Defendants stopped at a storage facility in

4

Summerville, SC to pick up a load for delivery at an unknown location. This merchandise was carried to West Chester, PA with Mr. Fabiano's possessions.

17.    On or about May 25, 2023, Defendant's truck broke down in Laurel, MD. At approximately 5:00PM on May 26, 2023 Defendant notified Mr. Fabiano that his truck and trailer had broken down and would not make it to West Chester, PA.

18.    On Saturday, May 27, 2023 the Defendant solicited additional payment of $500,00 from Plaintiff to recover the repairs to the truck.

19.    On or about May 27, 2023 at approximately 7:00pm Defendant's agents arrived at Plaintiff's West Chester, PA home at which point Plaintiff offered to purchase them a hotel room nearby so they may complete the move-in process the following morning.

20.    Defendant's agents insisted on completing the move on May 27, 2023.

21.    Again, Defendants enlisted the assistance of Plaintiff and his 27-year-old daughter Lauren Fabiano in unloading trucks and carrying items into the house. Christ Movers LLC arrived with two drivers and no laborers to unload what amounted to 54' of trailer and box trucks.

22.    Upon completion of unloading the 17' trailer, Defendants agents insisted on payment before unloading the two remaining box trucks with a new increased price of $7,602.00. The Plaintiff disputed the increase, and an agreement was made to pay a total of $7,000.00 of which $500.00 was paid that afternoon to advance truck repair costs.

23.    During the unloading of the final two box trucks which Defendants insisted Plaintiff and his daughter, Lauren Fabiano, assist with the unloading of the trucks and moving of items into

5

the house.

24.    Defendants repeatedly moved and repositioned the box trucks creating a chaotic and dangerous atmosphere.

25.    While moving and adjusting the trucks, Defendants struck Plaintiff's basement door with a box truck requiring repair and/or replacement.

26.    Plaintiff and Lauren Fabiano were repeatedly in and out of the unlit "box" of the box trucks assisting with the move Defendants were hired to complete, in the presence and at the direction of Defendant's employees and agents.

27.    At all times relevant hereto, Defendants and Plaintiff utilized ramps at the rear of the box trucks for entry and exit of the box trucks.

28.    While Plaintiff was inside the yellow box truck assisting with the move, one of Defendant's agents removed, or never put in place, the ramp from the rear of the subject box truck without notifying Plaintiff of the same.

29.    As Plaintiff stepped from the bed of the yellow box truck, there was no ramp beneath his feet, causing Plaintiff to fall directly to the ground, landing directly on his elbow, severely shattering the joint resulting in a compound fracture requiring an ambulance and two resulting surgical procedures during five consecutive days at Paoli Hospital, along with injuries more fully described herein.

30.    At all times material hereto, Defendant owned, managed, occupied, controlled and was otherwise responsible for all aspects of the moving trucks, trailer and move involving the personal belongings of Plaintiff Leonard Fabiano.

6

31.     At all times material hereto, the Defendants were aware of the risks of harm involved in removing the subject ramp while Plaintiff Leonard Fabiano was inside a dark box truck.

32.     Defendant created, was aware, or in the exercise of reasonable care should have been, aware of the aforementioned dangerous condition, in that said condition was allowed to remain so as to create a dangerous condition for Plaintiff Leonard Fabiano while he was inside the subject box truck.

33.     The above captioned Defendants, retained control of the subject box truck and site generally.

34.     At all times material hereto, for a period of time sufficient for the Defendant to have known of it, to have given warning of it to Plaintiff, and to have cured and corrected it prior to the subject incident, there existed a dangerous and defective hazardous and unsafe condition by having  removed the ramp from the subject box truck.

35.     Defendant created said hazard and/or allowed it to remain for an unreasonable amount of time and failed to warn Plaintiff of said hazard.

36.     This incident was a direct and proximate result of the negligence and recklessness of Defendant and was not caused in any part by and act or failure to act on the part of the Plaintiff.

37.     Defendant's agents, Desi and Troy, repeatedly and at all times material hereto smoked marijuana to the point of intoxication affecting their ability to safely and effectively conduct the moving operation and creating a great hazard to the Plaintiff and the public generally.

7

38.     As a direct and proximate result of the negligence of Defendants, Plaintiff suffered injuries including but not limited to:

    a. compound fracture of the left elbow requiring multiple surgical repairs;

    b. bruising, cuts and abrasions to the left side of his torso;

    c. mental and emotional pain;

    d. chronic physical pain, suffering and loss of life's pleasures, past, present and future;

    e. loss of performing his usual duties and activities

    f. loss of earnings and wages and loss of earning capacity past, present and future;

    g. hospital, medical, and rehabilitation expenses past, present and future, including medical equipment and other medical care and treatment;

    h. other psychological, psychiatric and neurological injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature; and

    i. scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life.

## COUNT I - NEGLIGENCE

39.     Paragraphs one (1) through thirty eight (38) of this Complaint are incorporated herein by reference as though fully set forth at length.

40.     The injuries and damages to Leonard Fabiano were caused by the negligence of Christ Movers, LLC in the following respects:

a. failing to provide proper safety training to its employees, workmen, agents
in the safe work site and loading/offloading of the subject box truck;

b.   failing to ensure the subject box truck ramp was in place when Defendants knew or
should have known Leonard Fabiano was inside the box truck;

c. failing to hire qualified personnel to ensure the move of Leonard Fabiano's possessions
could be completed in reasonably a safe and competent manner;

d. failing to hire qualified personnel for the purposes of ensuring Leonard Fabiano's
possessions would not be lost or stolen during the subject move;

e. hiring personnel that we inattentive to, or not fully qualified for, the job they were
hired to perform;

f. enlisting a customer, Plaintiff, to perform work Defendants were retained to perform
without reasonable training or safety measures in place

g. failing to comply with federal, state and local safety regulations;

h. utilizing a temporary ramp without all necessary safety features;

i. allowing employees to install and remove ramps who were not properly trained in their
safe use;

j. failure to make proper arrangements for the use of safety devices at the site;

k. failure to perform a pre-job hazard analysis;

l. use of narcotics such as marijuana while performing their duties, creating a hazardous
environment;

m. failing to develop, train, and enforce reasonable and proper safety procedures for the

9

subject move;

n. failing to require and enforce a reasonable fall protection plan;

o. failing to monitor the moving project for hazards;

p. failing to ensure ramps were properly installed.

41.    By conducting itself as set forth herein, Defendant's actions and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of the Plaintiff's catastrophic, serious, and permanent injuries.

42.    As a further direct and proximate result of the negligence of the Defendant, Plaintiff has been and may continue to be subject to further medical procedures and treatments, and all accompanying risks, hazards, pain, suffering, discomfort and economic loss associated therewith, all to his continuing detriment and loss, and maybe compelled to expend money for medicine and medical attention into the future, in an attempt to cure or relieve the pain, disfigurement, scarring caused by the aforesaid injuries.

43.    As a further direct and proximate result of the negligence of the Defendant, Plaintiff has had to expend sums of money to repair/replace his basement door, , hire additional labor to sort and move the load into the home and around the home as many items were left outside and not brought into the home, as well as a loss of two Nikon cameras and associated Nikon lenses that were removed from the clear containers and are now lost items.

44.    The Defendant is vicariously liable for the actions of their agents, ostensible agents, servants and employees.

10

45.    At all times relevant hereto, Defendant knew or should have known, in the exercise of reasonable care, of the foreseeable risk of harm which could result from the failure to maintain a ramp to the rear of the subject box truck.

46.    By reason of the carelessness, negligence, and recklessness of Defendant, as described more fully herein, Plaintiff was caused to sustain serious and permanent disabling personal injuries set forth above.

WHEREFORE, Plaintiff, Leonard Fabiano, demands judgment in her favor and against Defendant for an amount in excess of Fifty Thousand Dollars ($50,000), together with interest, costs and damages for delay.

Dated: 10-13-23

CHRISTIAN J. HOEY, ESQUIRE
Attorney for Plaintiff,
Leonard Fabiano

11

**VERIFICATION**

I, Leonard Fabiano, hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Date: _10-11-2023_

LEONARD FABIANO

11

# Exhibit B

## AFFIDAVIT OF SERVICE

| Case:<br>2023-07938-TT | Court:<br>Court of Common Pleas | County:<br>Chester County, PA, Pennsylvania | Job:<br>10450973 (Fabiano) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Leonard Fabiano | | Defendant / Respondent:<br>Christ Movers, LLC | |
| Received by:<br>Sweetgrass Legal Services | | For:<br>HoeyLegal | |
| To be served upon:<br>Christ Movers, LLC c/o M. (Dessie) Dessaline or Tonya Dessaline or competant adult co-resident | | | |

I, Travis Bowers II, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Dessie Dessaline, 746 Longbranch Drive, Charleston, SC 29414

**Manner of Service:**   Personal/Individual, Feb 19, 2024, 6:00 pm EST

**Documents:**   Jury Trial Demanded; Complaint

**Additional Comments:**
1) Unsuccessful Attempt: Feb 17, 2024, 12:20 pm EST at 746 Longbranch Drive, Charleston, SC 29414
No answer. No vehicles.

2) Successful Attempt: Feb 19, 2024, 6:00 pm EST at 746 Longbranch Drive, Charleston, SC 29414 received by Dessie Dessaline. Age: 45; Ethnicity: African American; Gender: Male; Weight: 250; Height: 6'1"; Hair: Bald;

_____   2-19-24
Travis Bowers II                                    **Date**

Sweetgrass Legal Services
1820 Savannah Hwy Suite B2
Charleston, SC 29407

*Subscribed and sworn to before me by the affiant who is*
*personally known to me.*

_____
Notary Public

2/19/24                                    9/19/2028
**Date**                          **Commission Expires**

MELINDA K. BO...
My Commission Expires
NOTARY
PUBLIC
9/19/2028
STATE OF SOUTH CAROLINA